On respondents' motion to hold in abeyance filed April 5, petitioners' objection to motion to hold in abeyance filed April 19, respondents' motion to determine jurisdiction filed April 5, and petitioners' reply to motion to dismiss filed April 19, motion to hold in abeyance dismissed as moot; motion to determine jurisdiction granted; appeal dismissed July 5, 2007

Wayne EMMEL,
Romayne Emmel,
and Emmel Brothers Ranch,
*Petitioners,*

*v.*

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT
and Department of Administrative Services,
*Respondents.*

Department of Land Conservation and Development
M129856; A135136

162 P3d 354

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Senior Assistant Attorney General, for motions.

Daniel L. Cronin *contra.*

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Claimants sought $5,505,500 from the state pursuant to ORS 197.352, commonly known as Measure 37, contending that land use regulations reduced the value of their property in Grant County by that amount. The Department of Land Conservation and Development (DLCD) denied their claim on the ground that two of the three claimants are not the owners of the property and that, as to the third claimant, "no state laws enacted or adopted since [that claimant] acquired the subject property restrict the use of the property." Claimants have sought judicial review in the Circuit Court of Grant County and in this court. DLCD, in response, has filed in this court a "Motion to Determine Jurisdiction." We hold that jurisdiction lies in the circuit court of Grant County.

As we explained in *Corey v. DLCD*, 210 Or App 542, 545, 152 P3d 933 (2007), this court has jurisdiction if the final order resulted from a proceeding "[i]n which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard." ORS 183.310(2)(a)(A). As we also explained in *Corey*, the principles guiding the determination of whether the Due Process Clause of the Fourteenth Amendment of the United States Constitution required notice and a hearing derive from *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 US 40, 119 S Ct 977, 143 L Ed 2d 130 (1999), as construed by the Oregon Supreme Court in *Koskela v. Willamette Industries, Inc.*, 331 Or 362, 15 P3d 548 (2000). *Corey*, 210 Or App at 548-49. Those principles are summarized as follows.

■■ A person has no constitutionally protected property interest in a government benefit for which the person is making a claim of entitlement; the interest arises only when the entitlement is established. Consequently, the person has no right to a hearing as to the determination of entitlement itself. Once initial entitlement is established, however, a person has a constitutionally protected property interest in

receiving all of the benefit for which he or she qualifies. Consequently, a person has the right to a hearing (and, under the Oregon Administrative Procedures Act, a full contested case hearing) regarding the extent of the benefit. *Id.* at 551.

Applying those principles in the context of a Measure 37 claim, we concluded in *Corey* that, because the claimant had established her entitlement to compensation or waiver, she had the constitutional right to a hearing regarding the extent of her entitlement. *Id.* at 551-52. Here, in contrast, the decision of which judicial review is sought is DLCD's determination whether claimants had any entitlement at all. Under *Koskela*, that decision is not one on which claimants had a right to a hearing. The final order containing that decision was an order in other than a contested case. Jurisdiction lies in the circuit court.

Motion to hold in abeyance dismissed as moot; motion to determine jurisdiction granted; appeal dismissed.