**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITIZENS FOR CONSTITUTIONAL FAIRNESS, an Oregon nonprofit corporation; et al., | No. 09-35653 |
| Plaintiffs - Appellees, | D.C. No. 1:08-cv-03015-PA |
| v. | |
| JACKSON COUNTY, a political Subdivision of the State of Oregon, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| DANNY JORDAN, | |
| Defendant, | |
| ROGUE ADVOCATES; et al., | |
| Defendant-intervenors, | |
| v. | |
| STATE OF OREGON, | |
| Third-party-defendant - | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellee.

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted May 5, 2010
Portland, Oregon

Before: KOZINSKI, Chief Judge, KLEINFELD and IKUTA, Circuit Judges.

We reverse. At oral argument, appellees conceded that the Measure 37 waivers themselves were not contracts and argued that they were evidence of a contract between the property owners and the County. However the waivers do not show that there was any offer by Jackson County, acceptance by the property owners or consideration. See C.R. Shaw Wholesale Co. v. Hackbarth, 201 P. 1066, 1067 (1921). Indeed, the waivers disavow any promise to the property owners: "Jackson County does not promise Claimant(s) that Claimant(s) will eventually be able to put the property to any particular use." ER-63-7. Because there is no contract, appellees fail to state a Contracts Clause violation.

Nor does Measure 49 implicate separation of powers doctrine. The waivers were administrative decisions, not court judgments.

**REVERSED.**