NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEYMAN PAKDEL; SIMA CHEGINI,

Plaintiffs-Appellants,

v.

CITY AND COUNTY OF SAN
FRANCISCO; et al.,

Defendants-Appellees.

No. 17-17504

D.C. No. 3:17-cv-03638-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted September 13, 2019
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Plaintiffs-Appellants ("Plaintiffs") challenge the City of San Francisco's

Expedited Conversion Program ("ECP"), which allows property owners to convert

a tenancy-in-common property into a condominium property on the condition that

they offer any existing tenants lifetime leases in units within the converted

property. Plaintiffs allege that this "Lifetime Lease Requirement" effectuates an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

unreasonable seizure of their property in violation of the Fourth Amendment and abridges their constitutional right to privacy in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The district court held that these contentions failed to state a claim and thus dismissed them under Federal Rule of Civil Procedure 12(b)(6). Reviewing the district court's dismissal of Plaintiffs' claims de novo, *Gant v. County of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014), we affirm.[1]

1.  The district court did not err in dismissing with prejudice Plaintiffs' Fourth Amendment unreasonable seizure claim. There is no seizure of property when an individual "voluntarily transfer[s] any possessory interest he may have had in the [property]." *Maryland v. Macon*, 472 U.S. 463, 469 (1985); *see United States v. Sherwin*, 539 F.2d 1, 7 (9th Cir. 1976). Plaintiffs made the choice to offer their tenant a lifetime lease in exchange for the benefits of expedited condominium conversion under the ECP. That a preexisting private agreement between Plaintiffs and the other co-owners of their building obligated Plaintiffs to apply for conversion does not transform this voluntary exchange into a seizure by the City. The Fourth Amendment reaches only state action, *United States v. Jacobsen*, 466 U.S. 109, 113 (1984), and the City had no involvement in the formation of this

---

[1] We resolve Plaintiffs' other claims in a concurrently filed opinion.

agreement between the tenants in common, *see Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

2. Nor did the district court err in dismissing Plaintiffs' substantive due process and equal protection claims with prejudice. A regulation challenged as violating substantive due process or equal protection is reviewed for a rational basis so long as it does not implicate a suspect class or impinge on fundamental rights. *See Bowers v. Whitman*, 671 F.3d 905, 917 (9th Cir. 2012); *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994). The Lifetime Lease Requirement does not implicate a suspect class. And Plaintiffs do not have a fundamental right under California's Ellis Act to exclude people from their home once it has been converted into a condominium. The Ellis Act prohibits the government from forcing property owners to offer accommodations for rent. Cal. Gov't Code § 7060(a). But the Ellis Act does not apply to condominiums. *See Valnes v. Santa Monica Rent Control Bd.*, 270 Cal. Rptr. 636, 638-39 (Ct. App. 1990). Nor does it apply, per its express terms, when the government is enforcing an "agreement by which an owner of residential real property has agreed to offer the accommodations for rent or lease in consideration for a direct financial contribution." Cal. Gov't Code § 7060.1(a). Here, Plaintiffs acknowledged in a written agreement with the City that they were offering their tenant a lifetime lease

in consideration for the financial benefits of expedited condominium conversion. We thus review the Lifetime Lease Requirement for a rational basis.

The Lifetime Lease Requirement is rationally related to the legitimate government goal of preventing existing tenants from being displaced by widespread condominium conversions under the ECP. It therefore does not violate substantive due process or equal protection.

**AFFIRMED.**