SANTA BARBARA PATIENTS' COLLECTIVE HEALTH COOPERATIVE, a California cooperative corporation, Plaintiff,

v.

CITY OF SANTA BARBARA, a California municipal corporation, Defendant.

Case No. CV 10–06534 DDP (RCx).

United States District Court, C.D. California.

Nov. 29, 2012.

Dana J. Rosenberg, Law Office of Dana J. Rosenberg, Santa Barbara, CA, for Plaintiff.

Tom R. Shapiro, Santa Barbara City Attorney, Santa Barbara, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

DEAN D. PREGERSON, District Judge.

Presently before the court is Defendant City of Santa Barbara's Motion to Dismiss Plaintiff's Complaint for Mootness under Federal Rule of Civil Procedure 12(b)(1). Defendant contends that because Plaintiff Santa Barbara Patients' Collective Health Cooperative ("SBPCHC") has closed its marijuana dispensary in the face of an enforcement action by the United States Attorney's Office, Plaintiff's action is moot.

After reviewing the parties' papers and hearing oral argument, the court grants the Motion in part and denies the Motion in part and adopts the following order.

## I. BACKGROUND

Plaintiff Santa Barbara Patients' Collective Health Cooperative ("SBPCHC") is a cooperative corporation that was operating a medical marijuana collective and dispensary in the city of Santa Barbara. Plaintiff obtained a Medical Marijuana Dispensary Permit ("Permit") in 2008, shortly after the City of Santa Barbara ("City") enacted Ordinance 5449, its first medical marijuana ordinance ("Original Ordinance"), codified in Chapter 28.80 of the Santa Barbara Municipal Code. (See Compl. Exh. A.) On June 29, 2010, the Original Ordinance was revised by the enactment of Ordinance 5226 ("Revised Ordinance"). (See Compl. Exh. B.) The Revised Ordinance changed the permissible locations for the operation of marijuana dispensaries within the City and required existing dispensaries to comply within 180 days.

Plaintiff brought this action under 42 U.S.C. § 1983 in response to the Revised Ordinance of June 29, 2010. In November 2010, this court issued a Preliminary Injunction in favor of Plaintiff, prohibiting enforcement against Plaintiff. On May 17, 2011, in response to the Preliminary Injunction,[1] the City adopted "An Ordinance of the Council for the City of Santa Barbara Amending the Municipal Code to Establish Revised Regulations for Those Storefront Medical Marijuana Dispensaries Permitted Under City Ordinance No. 5449 as Adopted on March 25, 2008" ("the Amendment"). (Compl. Exh. C.) The Amendment allowed existing dispensaries in non-conforming locations to operate in those locations for four years, so long as "the day to day operation of the non-conforming dispensary is consistent with dispensary operational requirements" of the Revised Ordinance and so long as operations did not cease for more than 30 days. (Id.)

On August 15, 2011, Plaintiff filed its First Amended Complaint and Petition for Writ of Mandate ("FAC"), alleging eight causes of actions and seeking compensatory and punitive damages and a writ of mandate. Plaintiff alleged violations of its rights (fundamental vested rights, right to due process, right to equal protection, and right to freedom of association) and of the prohibitions against taking without just compensation and ex post facto laws.

In the meantime, the City had appealed this court's Preliminary Injunction. The Ninth Circuit affirmed the Preliminary Injunction on June 13, 2012, and remanded it to this court for reconsideration based on the fact that during the pendency of the appeal, the City had passed the Amended Ordinance, which extended the amortization period from 180 days to four years.[2]

---

1. See Compl. Exh. D (City Attorney's Council Agenda Report).

2. The Circuit also suggested that *Pack v. Superior Court,* 199 Cal.App.4th 1070, 132 Cal.

## II. LEGAL STANDARD

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 1949 (citations and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." *Twombly*, 550 U.S. at 555–56, 127 S.Ct. 1955. "Determining whether a complaint states a plausible claim for relief" is a "context-specific" task, "requiring the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

## III. DISCUSSION

### A. Timeliness of 12(b)(1) Motion

█ Plaintiff's argument that Defendant's Motion is untimely is without merit. "[M]ootness is a jurisdictional defect .... [which] means that it can be raised at any time either by the parties or by the court acting *sua sponte*." *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir.1989), overruled on other grounds. It was appropriate for Defendant to move to dismiss on mootness grounds at this stage in the proceedings.

### B. Mootness

█ "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992) (citations and internal quotation marks omitted). Thus, "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir.2002). An action becomes moot if "the requisite personal interest captured by the standing doctrine ceases to exist at any point during the litigation." *Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 425 (9th Cir.2008) (internal quotation marks omitted). In other words, if it is "impossi-

Rptr.3d 633 (Ct.App.2011), rev. granted 136 Cal.Rptr.3d 665, 268 P.3d 1063 (2012), a case on federal preemption of local marijuana ordinance then pending before the California Supreme Court, might moot parts of the current action or "inform the district court's resolution of them." *Santa Barbara Patients' Collective Health Cooperative v. City of Santa Barbara*, 484 Fed.Appx. 153 (9th Cir.2012). On August 22, 2012, the California Supreme Court dismissed *Pack* as moot since Long Beach had repealed and replaced its ordinance. *Pack v. S.C.*, 146 Cal.Rptr.3d 271, 283 P.3d 1159 (2012). Thus, the court does not consider *Pack* here.

ble for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. U.S.,* 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992) (citations and internal quotation marks omitted).

■ Defendant argues that this action is moot because Plaintiff's business was closed down by federal law, not by the City, and is prohibited from operating by federal law, not by the Ordinance, and thus the court cannot "grant any effectual relief" to Plaintiff. (Mot. at 7.) Defendant acknowledges that "a live claim for damages may prevent dismissal for mootness," but asserts that none of Plaintiff's actual damages are due to the Ordinance. (Mot. at 7.) Finally, Defendant argues that the possibility of Plaintiff reopening its business is too "remote and speculative" to create a "tangible prejudice to the existing interests" of Plaintiff. (Mot. at 4.)

## 1. Actual Damages

Under its first six causes of action, Plaintiff requests relief in the form of general, special, compensatory, and punitive damages, along with costs and attorney's fees pursuant to 42 U.S.C. § 1988. The First Amended Complaint does not specify the amount of damages requested. In its Opposition to the Motion, Plaintiff asserts that it was injured by Defendant, but the only actual damages Plaintiff points to are $160,000 in attorney's fees to obtain the preliminary injunction and "tens of thousands more" to defend against Defendant's appeal. (Opp. at 5.)

■ Although the prevailing party in a § 1983 action can recover reasonable attorney's fees, such fees are not separately cognizable as damages. "[A]ttorney's fees [cannot] fairly be characterized as an element of 'relief' indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 452, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). *See also Metcalf v. Borba,* 681 F.2d 1183, 1185 (9th Cir.1982).

■ Thus the court finds that Plaintiff has not pled actual damages sufficient to defeat mootness.

## 2. Nominal Damages

■ Because Plaintiff is bringing a § 1983 suit, Plaintiff may be entitled to nominal damages for the violation of its constitutional rights even if it cannot show actual damages. *See Bernhardt v. County of Los Angeles,* 279 F.3d 862, 872 (9th Cir.2002). *See also United States v. Marolf,* 173 F.3d 1213, 1219 (9th Cir.1999) ("Nominal damages are available where the violation of a legal or constitutional right produces no 'actual damages.' "), and *Draper v. Coombs,* 792 F.2d 915, 922 (9th Cir.1986) ("Even assuming that [Plaintiff] did not suffer actual damages as a result of the unlawful extradition, his complaint stated valid section 1983 claims for nominal damages.") "By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights." *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

■ "A live claim for nominal damages will prevent dismissal for mootness." *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 872. *See also Jacobs v. Clark*

*County Sch. Dist.*, 526 F.3d 419 (9th Cir. 2008) (students' claims for constitutional violations were not moot although they no longer attended the violating high schools and had no evidence of actual damages because the students alleged injuries in the form of deprivation of constitutional rights). If Plaintiff has a live claim for nominal damages, then Plaintiff's action is not moot. The court now considers each of Plaintiff's Causes of Action to determine whether Plaintiff has pled a violation of its constitutional rights.

### a. Violation of Fundamental Vested Rights (Fifth and Fourteenth Amendments) and Due Process of Law (Fourteenth Amendment) (First and Second Causes of Action)

In the First Cause of Action of the FAC, Plaintiff alleges that "City's enactment of the Revised and Amended Ordinances violates Plaintiff's fundamental vested rights protected by the Constitution of the United States under the Fifth and Fourteenth Amendments and constitutes a taking of property without compensation, as it purports to shut down retroactively a lawful use expressly permitted by City, without an adequate amortization period or compensation." (FAC ¶ 53.) In the Second Cause of Action, Plaintiff alleges that the Revised Ordinance violates its right to due process of law by depriving it of the value of its business without due process.

 In the Order Granting Plaintiff's Motion for Preliminary Injunction ("Preliminary Injunction Order"), this court found that Plaintiff had "established with sufficient likelihood a vested right in the permit." (Preliminary Injunction Order at 5.) The court now reaffirms that

conclusion. The relevant section of the Preliminary Injunction is the following:

First, the court considers whether Plaintiff has established with sufficient likelihood a vested right in the permit. The court concludes that it has. As the California Supreme Court has explained:

The doctrine of vested rights ... states that a property owner who, [1] in good faith reliance on a government permit, [2] has performed substantial work and incurred substantial liabilities *has a vested right* to ... use the premises as the permit allows.

*Communities for a Better Env't v. South Coast Air Quality Dist.*, [48 Cal.4th 310, 106 Cal.Rptr.3d 502], 226 P.3d 985, 994 (Cal.2010) (brackets and emphasis added). In other words, "[w]here a permit has been properly obtained and in reliance thereon the permitee has incurred material expense, he acquires a vested property right.... *O'Hagen v. Bd. of Zoning Adjus[t]ment*, 19 Cal.App.3d 151, 158[, 96 Cal.Rptr. 484] (1971). This right is "vested" and it does not go away with the enactment of a new ordinance. *See Edmonds v. County of Los Angeles*, [40 Cal.2d 642], 255 P.2d 772, 777 (Cal. 1953) ("The rights of users of property as those rights existed at the time of the adoption of a zoning ordinance are well recognized and have always been protected.")

Here, it is undisputed that Plaintiff obtained a valid Dispensary Use Permit to build a dispensary at 500 N. Milpas Street. It is further undisputed that Plaintiff incurred substantial costs in good faith reliance of that permit.[3] Accordingly, Plaintiff has acquired a vested right to operate the dispensary that cannot be infringed by the Revised Ordi-

**3.** The parties dispute the amount spent by Plaintiff in reliance of the permit. Even taking City's figure, Plaintiff expended a suffi- cient amount to constitute reliance on the permit for purposes of this vested rights analysis.

nance without due process of law. *See Communities for a Better Env't*, [106 Cal.Rptr.3d 502], 226 P.3d at 994 ("[a] subsequent zoning ordinance cannot deprive a person of a vested right without due process"). The question, then, is whether Plaintiff was afforded due process.

In considering whether Plaintiff was afforded due process, the court notes that as a general principle "[o]nce a use permit has been properly issued the power of a municipality to revoke it is limited." *O'Hagen*, 19 Cal.App.3d. at 158[, 96 Cal.Rptr. 484]. Accordingly, governmental entities do not tend to apply newly enacted zoning ordinances to close businesses lawfully operating at the time those ordinances became effective. *Bauer v. City of San Diego*, 75 Cal.App.4th 1281, 1292[, 89 Cal.Rptr.2d 795] (1999). This is because municipalities wish "to avoid questions as to the constitutionality of [the new ordinance's] application to those [existing] uses." *Hansen Brothers Enterprises, Inc. v. Board of Supervisors*, [12 Cal.4th 533, 48 Cal.Rptr.2d 778], 907 P.2d 1324, 1335 (Cal.App.1996). Here, however, we are faced with just such a question.

Contrary to City's assertion, the existence of a vested right does not preclude City from amending its zoning ordinances. "It is well settled in California that public entities may impair vested rights where necessary to protect the health and safety of the public." *Davidson v. County of San Diego*, 49 Cal. App.4th 639, 648[, 56 Cal.Rptr.2d 617] (1996). City's arguments fail to appreciate, however, that while the government may infringe upon vested rights under certain circumstances, such rights may only be impaired "with due process of law." *Id.* at 649[, 56 Cal.Rptr.2d 617]; *see also Tahoe Reg'l Planning Agency v. King*, 233 Cal.App.3d 1365, 1395[, 285 Cal.Rptr. 335] ("The principle that 'zon-

ing legislation may validly provide for the eventual termination of nonconforming property uses without compensation if it provides a reasonable amortization period commensurate with the investment involved' is well-established.")

Along such lines, California courts have recognized the "hardship and doubtful constitutionality of compelling the immediate discontinuance of nonconforming uses." *San Diego County v. McClurken*, 37 Cal.2d 683, 234 P.2d 972, 975 (Cal.1951). For this reason, zoning ordinances "customarily exempt existing land uses (or amortize them over time) to avoid questions as to the constitutionality of their application to those uses." *Calvert v. County of Yuba*, 145 Cal. App.4th 613, 625, 51 Cal.Rptr.3d 797 (2006). "A zoning ordinance which requires the discontinuance forthwith of a nonconforming use existing when the ordinance was adopted is a deprivation of property without due process of law unless the use is a public nuisance." *McCaslin v. City of Monterey Park*, 163 Cal.App.2d 339, 329 P.2d 522 (1958).

Here, City does not argue that Plaintiff's business is a nuisance. The Revised Ordinance does, however, contain an exemption for nonconforming uses. Section two of the Revised Ordinance states that:

> dispensaries which have opened ... prior to the effective date of this Ordinance and which are [ ] located at a location no longer permitted for dispensaries pursuant to this Ordinance ... may, despite non-conforming location ... remain as a legal non-conforming use for a period not exceeding one hundred eighty (180) days after the effective date of this Ordinance....

(Dckt. # 21, Ex. 1). "Nothing in the Constitution forbids municipalities from requiring non-conforming uses to close,

change their business, or relocate within a reasonable time period." *World Wide Video of Washington, Inc. v. City of Spokane,* 368 F.3d 1186, 1199 (9th Cir.2004). The question, then, is whether the amortization period here is sufficient to satisfy due process. As a general matter, an amortization "is insufficient only if it puts a business in an impossible position due to a shortage of relocation sites." *Id.* Here, the ordinance itself creates such "a shortage of relocation sites." In fact, the Revised Ordinance limits the number of dispensaries in the City of Santa Barbara to a total of three. This total includes those dispensaries which are open and operating in a legal, non-conforming manner at the time of the adoption of the ordinance. In its July 21, 2010, letter, the City stated that "three pending applications that satisfy the new locational requirements have already been deemed complete," and that Plaintiff "must close on January 29, 2011." (Lee Decl., Ex. J.) The court concludes that Plaintiff has made a strong showing that the amortization period provided by the Revised Ordinance has put Plaintiff in "an impossible position," forcing Plaintiff to close its business and lose its permit without due process.

(Order Granting Plaintiff's Motion for Preliminary Injunction, Sept. 29, 2010, 5–8.)

Reaffirming this analysis, the court now finds that Plaintiff states a claim for a violation of its right to due process by the Revised Ordinance. Accordingly, Defendant's Motion is denied as to the Second Cause of Action.

■ Likewise, the court denies Defendant's Motion as to the First Cause of Action. Although a vested right may be impaired or revoked if the authorized use is deemed to constitute a menace to public health or safety, as discussed above, the Revised Ordinance must be "sufficiently necessary to the public welfare as to justify the impairment." *Davidson v. County of San Diego,* 49 Cal.App.4th 639, 649, 56 Cal.Rptr.2d 617 (internal quotation marks and citation omitted). "Probably the single most important factor to be considered in determining whether a particular impairment is constitutionally permissible is the nature and extent of the impairment.... Other important factors to be considered are the nature, importance and urgency of the interest to be served by the challenged legislation; and whether the legislation was appropriately tailored and limited to the situation necessitating its enactment." *Id.* (internal quotation marks and citations omitted).

■ Here, Plaintiff has alleged that Defendant has "made no attempt to justify its interference with Plaintiff's vested right based on a compelling public necessity or to prevent a nuisance." (FAC ¶ 57.) According to Plaintiff, the Revised Ordinance's requirement that dispensary operations be 600 feet from any school "does not operate to protect health and safety and more or less than the 500–foot restriction under the original Ordinance, nor does the City have any substantial evidence to support the idea that the health, safety, and welfare of school children would not be threatened by a 600–foot radius as opposed to a 500–foot radius." (FAC ¶ 65.) Plaintiff has thus sufficiently pled a violation of a vested right without a countervailing demonstration of the "nature, importance, and urgency" of the revision to the Original Ordinance.

Defendant's Motion to Dismiss is DENIED as to the first two Causes of Action.

**b. Violation of Constitutional Right to Equal Protection Under the Law (Fourteenth Amendment) (Third Cause of Action)**

■ "Social and economic legislation ... that does not employ suspect clas-

sifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate governmental purpose. Moreover, such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Hodel v. Indiana*, 452 U.S. 314, 331–332, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981) (citations omitted). Here, Plaintiff alleges the following:

> City has elected to exempt from the closure requirements of the Amended Ordinance a dispensary that is under suspicion of illegal conduct, but located in what City considers a more acceptable location, in favor of closing a law abiding dispensary that is actually far safer and better for the community. Plaintiff alleges that City is motivated by bias, unconcerned with its obligations under the MMP to facilitate, and not obstruct, the ability of qualified patients to obtain and use medical marijuana. . . .

> The Revised and Amended Ordinances render void right to operate of two existing dispensaries, one being Green Well. Thus, the Revised and Amended Ordinances authorize City to issue two permits to other applicants. City has issued one permit thus far to Santa Barbara Patients' Group, a dispensary that operated for nearly ten years without a permit. City's requirement that Plaintiff shut down, despite its vested interests and rights, while allowing other unpermitted dispensaries to continue to operate notwithstanding their illegal status, is arbitrary, capricious and lacking in rational basis, and deprives Plaintiff of equal protection of the laws. No rational basis exists for treating Green Well differently from other dispensaries that the Amended Ordinance will allow to continue operating.

(FAC ¶¶ 77–78.) The court finds that Plaintiff has not met its burden of showing that the Revised Ordinance was arbitrary based on bias against Plaintiff. The City has a legitimate governmental interest in zoning restrictions on medical marijuana dispensaries, as on other types of businesses. Although the City violated Plaintiff's due process rights and its vested interest in its business by issuing the Revised Ordinance, Plaintiff has failed to show that the Revised Ordinance on its own terms is devoid of a rational basis. Thus Plaintiff has failed to show a constitutional violation that would be the basis of a claim for nominal damages.

The court therefore GRANTS Defendant's Motion with respect to the Third Cause of Action.

**c. Violation of Prohibition Against Taking Without Just Compensation (Fifth Amendment, Fourteenth Amendment) (Fourth Cause of Action)**

"It is well established that there is no federal Constitutional right to be free from changes in the land use laws. Therefore, an interest in a particular land use does not constitute a protected property interest, unless the interest has vested in equity based on principles of detrimental reliance." *Bowers v. Whitman*, 671 F.3d 905, 915–916 (9th Cir.2012) (internal quotation marks and citations omitted). As discussed above, Plaintiff's right to rely on its Use Permit had vested. Thus, although zoning ordinances typically do not constitute regulatory takings, they could in this case.

Nonetheless, the court finds that the takings claim has been mooted by the closure of Plaintiff's facility. In contrast to claims of procedural due process, a takings claim is "rooted in the notions of adequate compensation and economic res-

titution." *Weinberg v. Whatcom County,* 241 F.3d 746, 752 (9th Cir.2001). If the Revised or Amended Ordinance had resulted in Plaintiff losing all enjoyment of its business and suffering property loss, Plaintiff would have a claim for compensation under the Takings Clause. Here, however, Plaintiff cannot point to any damages resulting from Defendant's actions, nor has Defendant been given the opportunity to compensate Plaintiff for such a taking. "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson County Reg'l Planning Com'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186–187, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).

The court thus GRANTS Defendant's Motion to Dismiss with respect to the Fourth Cause of Action.

### d. Violation of Constitutional Right to Freedom of Association (First Amendment) (Fifth Cause of Action)

Plaintiff alleges that "City is attempting [ . . . ] not only to stifle their right to assembly and association, but to restrict communication, education, and advocacy regarding medical marijuana which is enhanced and effected by virtue of Plaintiff's existence." (FAC ¶ 92.) According to Plaintiff, the "current restrictions upon and ultimate termination of their right to associate at and express themselves within" the Facility "is and will continue to be the cause of substantial pain and hardship to Plaintiff and its members." (FAC ¶ 93.)

▮▮▮▮ "Among the rights protected by the First Amendment is the right of individuals to associate to further their personal beliefs." *Healy v. James,* 408 U.S. 169, 181, 92 S.Ct. 2338, 33 L.Ed.2d 266 (1972). *See U.S. v. Rubio,* 727 F.2d 786, 791 (9th Cir.1983) ("We agree with defendants that the First Amendment protects their right to associate with one another and with the Hell's Angels Motorcycle Club."). Plaintiff alleges that the Revised and Amended Ordinance limits membership in the collective to "one Collective per qualified patient or primary caregiver" and limits members of the collective to individuals who are residents of Santa Barbara County. (FAC ¶¶ 49, 50.)

The court finds that these membership restrictions impinge on Plaintiff's freedom of association such that Defendant needs to meet a heightened level of scrutiny to justify them. Thus, at this stage of the proceedings, Plaintiff has pled a constitutional violation that, if substantiated and not defeated by a defense, is sufficient to support nominal damages.

The court thus DENIES Defendant's Motion with respect to the Fifth Cause of Action.

### e. Violation of Constitutional Prohibition on Ex Post Facto Laws (Fourteenth Amendment) (Sixth Cause of Action)

▮▮▮▮ "[The Ex Post Facto] Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *California Dept. of Corrections v. Morales,* 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (citations and internal quotation marks omitted). "[M]any statutes that 'unsettle expectations and impose burdens on past conduct' are nonetheless 'uncontroversially prospective.' For example, a ban on gambling is not impermissibly retrospective simply because it 'harms the person who had begun to construct a casino before the law's enactment.' ... A state may outlaw a formerly legal business even if it causes

hardship to those who relied on the earlier law." *Spoklie v. Montana*, 411 F.3d 1051, 1058 (9th Cir.2005) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 n. 24, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)).

▮▮▮ Plaintiff alleges that it is subject to "severe penalties now for actions and choices" made prior to the enactment of the Revised or Amended Ordinance. (Opp. at 5.) The court finds that although the revision of the Ordinance caused Plaintiff hardship and violated some of Plaintiff's rights, the Revised and Amended Ordinance cannot be considered to be imposing a "punishment" or "penalty" upon Plaintiff, and that therefore the Ex Post Facto prohibition does not apply.

The court hereby GRANTS Defendant's Motion as to the Sixth Cause of Action.

### 3. Relief Through Writ of Mandate (Seventh and Eighth Causes of Action)

Defendant argues that Plaintiff's claims for writ of mandate are moot because "the federal government notified the Property owner, who in turn notified SBPCHC, that they were prohibited under federal law from operating a marijuana dispensary. In response, SBPCHC shut down their business and surrendered possession of the Property." (Mot. At 7.) Therefore, according to Defendant, any opinion of this court would be purely advisory because "SBPCHC is prohibited from operating at the Property under federal law." *Id.* The court finds that this would not bar Plaintiff from opening another dispensary. The U.S. Department of Justice did not directly compel Plaintiff to close its dispensary. Instead, it contacted the owner of the Property to inform her of her liability for the dispensary's operations in violation of federal law. (Mot., Exh. A.) The property owner then terminated Plaintiff's lease early. (Mot., Exh. B.) Whatever the D.O.J's reasons for going through the

property owner instead of Plaintiff, the effect is that Plaintiff is not "prohibited under federal law from operating a marijuana dispensary" except to the extent that all marijuana dispensaries in California are prohibited under federal law. The court holds that Plaintiff is not barred from opening a dispensary under California law.

The remaining question is whether Plaintiff's case is nonetheless moot because it has not attempted to open another dispensary. In *City News*, the Supreme Court found the case moot because City News "neither now pursues nor currently expresses an intent to pursue a license under Waukesha law." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283, 121 S.Ct. 743, 148 L.Ed.2d 757 (2001). In contrast, in *City of Erie v. Pap's A.M.*, the Court held that "Pap's is still incorporated under Pennsylvania law, and it could again decide to operate a nude dancing establishment in Erie." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

▮▮▮ Plaintiff claims in its Opposition that it "may seek another permit when the time is right." (Opp. at 8.) It suggests that the time is not yet right because "law on federal pre-emption of state marijuana laws is in flux" but that "it is reasonable to expect that reopening will eventually be possible." (*Id.*) This is too speculative of a basis on which to maintain a claim for mandate under Plaintiff's Seventh Cause of Action ("Mandate To Set Aside the Revised Ordinance as an Illegal and Void Purported Exercise of The Police Power"). The court thus GRANTS Defendant's Motion as to the Seventh Cause of Action.

Plaintiff appears to concede that the Eighth Cause of Action, "Mandate to Set Aside the Revised Ordinance as an Illegal and Void Purported Exercise of the Police Power for Failure to Exempt Plaintiff's Use as a Fundamental Vested Right" is

898

moot. "While the request for an order prohibiting enforcement against SBPCHC may be moot, the request for an order setting aside the entire ordinance is not." (Opp. at 7.) The court finds that both mandate claims are moot. Any mandate prohibiting enforcement of the Revised Ordinance against Plaintiff would be ineffectual, given that Plaintiff is not currently running a dispensary.

The court GRANTS Defendant's Motion as to Plaintiff's Seventh and Eight Causes of Action.

## IV. CONCLUSION

The court GRANTS the Motion in part and DENIES it in part. The Third, Fourth, Sixth, Seventh, and Eighth Causes of Action are DISMISSED as moot. The Motion is DENIED as to the First, Second, and Fifth Causes of Action.

IT IS SO ORDERED.